IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARLA MCLEOD, Special
Executor of the ESTATE OF
VERNON M. AULD                                                                          PLAINTIFF

VS.                            NO.  4:02CV00397 JMM

UNITED STATES OF AMERICA                                            DEFENDANT


# ORDER

Pending before the Court is the Defendant's Motion for Summary Judgment.  For the reasons stated below, the Court grants the motion.

On January 18, 2005, Defendant submitted a Motion for Summary Judgment and Brief in Support.  On February 2, 2005, the Plaintiff responded and requested that she be allowed time to have her expert evaluate the testimony of  Defendant's experts, and to respond to the summary judgment motion after that evidence and other evidence had been gathered.  The Defendant replied on February 15, 2005, arguing that Plaintiff's expert merely stated a conclusion in his letter attached to Plaintiff's Response to Motion for Summary Judgment, which was insufficient to create an issue of material fact on liability.  Defendant asked that the Court allow Plaintiff an additional 60 days to file a supplemental response, giving Plaintiff time to gather evidence as suggested in her Response.  By Order of February 25, 2005, the Court allowed Plaintiff until June 1, 2005, to file an additional response to the pending Motion for Summary Judgment.  On June 3, 2005, Plaintiff filed "Motion for Brief Extension" requesting a two-week extension to file a supplemental response.  By Order of June 9, 2005, over Defendant's objection, the Court

1

allowed Plaintiff until June 17, 2005, to file the supplemental response. No supplemental response has been filed.

## STATEMENT OF FACTS

Plaintiff filed her Amended Complaint on August 1, 2002, representing the decedent, Vernan Auld, who died as a patient at the Department of Veterns Affairs Medical Center in Little Rock. Mr. Auld had been admitted to VAMC complaining of chest pains on May 17, 1999. He received a transluminal angioplasty of an occluded coronary artery on May 24, 1999, and was discharged two days later. He was readmitted on June 2, 1999 with leakage from the side of the cardiac cathetarization in his groin. After several days, he had an emergency surgery for small bowel obstruction. Later the same day, he was taken back to the operating room for surgical repair of thrombosis of the right femoral artery. He was taken back to the operating room on June 12, 1999 due to continued bleeding from the groin area where his cathetarization had occurred. Vascular surgeons performed right groin exploration and removed dead tissue. On June 25, 1999, he again developed bleeding from the same area and ligation of various arteries was performed.

Meanwhile, on June 20, 1999, Mr. Auld had developed an enterocutaneous fistula, which is an opening between the bowel and the skin of the abdomen. He had persistent drainage from the fistulas.

On July 8, 1999, the vascular surgeons performed a procedure to close the right groin cavity with a muscle flap. Subsequently, he had recurrence of the fistula and progressive deterioration of his nutritional status, leading to a debilitated immune status.

By July 3, he began to show signs of sepsis (infection in the blood) for which he was given antibiotics. General Surgery Service notes on August 8 and 9, 1999, state that the sepsis had resolved and that his white blood count had decreased. On August 13, 1999, he began showing signs of increasing respiratory difficulty, eventually leading to respiratory arrest. Mr. Auld expired on August 14, 1999. He had been placed on Do Not Resuscitate status by his family. An autopsy restricted to his lungs was performed and found he had bronchopneumonia, adult respiratory distress syndrome (ARDS) and emphysema.

The Plaintiff filed this action on behalf of the estate of Vernon Auld claiming that the defendant's agents, servants and employees were negligent in the care and treatment of Mr. Auld by allowing the cathetarization site to become infected; not monitoring his health and condition properly, thereby allowing the spread of sepsis and bacterial infection, and requiring a blood transfusion; failing to follow the proper standard of care in dealing with patients of his age that have infections at the situs of the heart cathetarization; and failing to follow and adhere to the proper standard of care by not monitoring the patient more closely and allowing his health to deteriorate whereby he developed acute respiratory distress syndrom ultimately resulting in his demise.

In response to the Plaintiff's complaint, the Defendant filed a Motion for Summary Judgment January 18, 2005, stating that Plaintiff cannot sustain her burden of proof required by Ark. Code Ann. §16-114-206(a). Attached as exhibits to the Memorandum in Support of the motion are various documents relating to the decedent's hospital stay, as well as the autopsy report and three reports from doctors, including a general surgeon, a cardiologist, and a vascular surgeon. Each doctor states that they reviewed the records and that the standard of care used here

was appropriate. There is lengthy analysis by at least two of the experts as part of their opinion letters. The Plaintiff's Response to Motion for Summary Judgment has the expert opinion of Dr. William Arthur Isely attached as Exhibit A, which states in three sentences that the initial procedure performed on Mr. Auld was below standard medical care, and this ultimately resulted in circumstances causing the demise of the patient. The Defendant's Reply argues that this document merely states a conclusion and is insufficient to create an issue of material fact.

## STATEMENT OF LAW

The law in Arkansas regarding the burden of proof in malpractice action is stated in A.C.A. §16-114-206(a) as follows:

> In any action for medical injury, when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, the plaintiff shall have the burden of proving:
> (1) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he or she practices or in a similar locality;
> (2) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant that the medical care provider failed to act in accordance with that standard; and
> (3) By means of expert testimony provided only by a qualified medical expert that as a proximate result thereof the injured person suffered injuries that would not otherwise have occurred.

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. V. Monroe County*, 257

F.3d 846, 852 (8th Cir.2001); Fed. R. Civ. P. 56 (c). The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250(1986). The Eighth Circuit Court of Appeals stated in *Eckelkamp v. Beste*, 315 F.3d 863, 868 (8th Cir. 2002), that "...summary judgment may be appropriate if an expert opinion is fundamentally unsupported and therefore of no assistance to the trier of fact." The burden is on the moving party to show that the record does not disclose a genuine dispute on a material fact. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399 (8th Cir. 1995).

## CONCLUSION

The expert opinion of Dr. Isely, which was presented as a brief document attached to the Response to Motion for Summary Judgment, merely states conclusions without a sufficient factual basis to adequately dispute the opinion of defendant's experts. Further, the letter opinion of Dr. Isely does not state his area of practice or expertise, and no *curriculum vitae* is attached to establish his credentials. Therefore, the Court finds that the Plaintiff failed to carry her burden of proof pursuant to A.C.A. §16-114-206(a) and Defendant's Motion for Summary Judgment is granted (#14).

**IT IS SO ORDERED this 13th day of July, 2005.**

*/s/ James M. Moody*
**James M. Moody**
**United States District Judge**